1    SCOTT N. SCHOOLS (SCSBN 9990)
     United States Attorney
2
     BRIAN J. STRETCH (CASBN 163973)
3    Chief, Criminal Division

4    BRYAN R. WHITTAKER (TX 24047097)
     Special Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       Facsimile: (510) 637-3724
        E-Mail: bryan.whittaker@usdoj.gov
8
     Attorneys for Plaintiff
9

10                   UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13   UNITED STATES OF AMERICA,          )    No.    CR 07-00285 CW
                                        )
14          Plaintiff,                  )    GOVERNMENT'S SENTENCING
                                        )    MEMORANDUM
15       v.                             )
                                        )
16   ROLANDO BACA-RUIZ,                 )    **Sentencing Date: November 7, 2007, 2:00**
                                        )    **p.m., The Honorable Claudia Wilken**
17          Defendant.                  )
     _____)
18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**BACKGROUND** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**I.    DEFENDANT SHOULD BE SENTENCED TO 96-MONTHS IMPRISONMENT CONSISTENT WITH THE GUIDELINES CALCULATION** . . . . . . . . . . . . . . . . . . 2

    A.    Offense Level . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    Criminal History Category . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**II.   APPLICATION OF 18 U.S.C. § 3553(a) FACTORS DEMONSTRATETHAT A 96-MONTH SENTENCE IS REASONABLE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    § 3553(a)(1) - Nature And Circumstances Of The Offense . . . . . . . . . . . . . . . . . 5

    B.    § 3553(a)(2)(A) - Reflecting Seriousness Of Offense, Promote Respect For Law And To Provide Just Punishment . . . . . . . . . . . . . . 6

    C.    § 3553(a)(2)(B) - Afford Adequate Deterrence . . . . . . . . . . . . . . . . . . . . . . . 7

    D.    § 3553(a)(2)(C) - To Protect The Public From Further Crimes . . . . . . . . . . . . . 10

    E.    § 3553(a)(2)(D) - To Provide Defendant Needed Care, Training, and Treatment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    F.    § 3553(a)(4) and (5) - Guideline Calculations And U.S.S.G. Policy Statements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    G.    § 3553(a)(6) - Need To Avoid Unwarranted Sentencing Disparities . . . . . . . . 12

    H.    § 3553(a)(7) - Need To Provide Restitution . . . . . . . . . . . . . . . . . . . . . . . . 14

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Apprendi v. New Jersey*, 530 U.S. 466, 488 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Asberry,* 394 F.3d 712, 718 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Banda-Zarate*, 232 Fed. Appx. 344, 346 (4th Cir. 2007) . . . . . . . . . . . . . . 8, 12

*United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Chavez-Botello*, 905 F.2d 279, 281 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Daniel*, 215 Fed. Appx. 942, 944 (11th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . 13

*United States v. David H.*, 29 F.3d 489, 494-95 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Estrada-Rios*, 164 F.3d 632, 632  (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Gonzalez*, 225 Fed. Appx. 251, 252 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Gonzalez-Larrea*, 2007 WL 2733728, *1 (9th Cir. 2007). . . . . . . . . . . . . . . . . 9

*United States v. Gutierrez-Silva*, 353 F.3d 819, 823 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . 5, 8

*United States v. Guzman-Hernandez*, 32 Fed. Appx. 436, 436 (9th Cir. 2002) . . . . . . . . . . . . 12

*United States v. Lopez-Magallon*, 174 Fed. Appx. 417, 417 (9th Cir. 2006) . . . . . . . . . . . . . . 12

*United States v. Marcial-Santiago*, 447 F.3d 715, 718 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . 13

*United States v. Molina*, 952 F.2d 514, 520 (D.C. Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*United States v. Montenegro-Rojo*, 908 F.2d 425, 430 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . 10

*United States v. Olmos-Esparza*, 484 F.3d 1111, 1116 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . 3

*United States v. Ortega-Frutos,* 207 Fed. Appx. 762, 762 (9th Cir. 2006) . . . . . . . . . . . . . . . . 12

*United States v. Ramirez*, 347 F.3d 792, 802 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Rios*, 218 Fed. Appx. 589, 590 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Rita,* 127 S.Ct. 2456, 2465 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Rodriguez-Alvarez*, 425 F.3d 1041, 1047 (7th Cir. 2005). . . . . . . . . . . . . . . . . 7

United States v. *Rodriguez-Bravo*, 205 Fed. Appx. 604, 604 (9th Cir. 2006) . . . . . . . . . . . . . . 12

*United States v. Rodriguez-Ramirez*, 221 Fed. Appx. 581,  (9th Cir. 2007) . . . . . . . . . . . . . . . . 3

United States v. Sanchez, 236 Fed. Appx. 487, 490 (11th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Sanchez-Sanchez*, 242 F.3d 385, 385 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . 12

*United States v. Sandoval-Cerrantes*, 212 Fed. Appx. 584, 585 (8th Cir. 2007) . . . . . . . . . . . . 13

*United States v. Solis-Bermudez*, --- F.3d ----, 2007 WL 2669434, *5 (8th Cir. 2007) . . . . . . . . 8

*United States v. Villa-Lozano*, 10 Fed. Appx. 574, 574 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . 12

## FEDERAL STATUTES

18 U.S.C. § 3553(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

The United States of America, by and through its undersigned counsel, hereby submits this Sentencing Memorandum requesting that defendant be sentenced to 96-months imprisonment, the high-end of the United States Sentencing Guidelines ("Guidelines") range, and three-years of supervised release. A high-end sentence is appropriate because this is the defendant's fifth conviction for illegal entry or illegal re-entry and he has be deported seven times. Additionally, the defendant poses a substantial risk to the public because he has a lengthy history of criminal violence, including domestic violence, and substance abuse. Indeed, his criminal history points exceed the maximum Criminal History Category under the Guidelines. The record contains no evidence of any mitigating factors that warrant leniency in sentencing. Thus, considering all of the sentencing factors together, a 96-month sentence is appropriate.

## BACKGROUND

The PSR adequately sets forth the defendant's background and criminal activity. Consequently, the United States will not repeat the information in this background section.

## ARGUMENT

### I. DEFENDANT SHOULD BE SENTENCED TO 96-MONTHS IMPRISONMENT CONSISTENT WITH THE GUIDELINES CALCULATION.

As the Court is well aware, "as was the case before *Booker*, the district court must calculate the Guidelines accurately." *United States v. Cantrell*, 433 F.3d 1269, 1280 (9th Cir. 2006). After calculating the Guidelines, the Court must then apply the factors set forth in 18 U.S.C. § 3553(a) to arrive at a reasonable sentence. *See id.* (stating that after determining the Guidelines calculation is correct the appellate court turns to whether the sentence is reasonable "in light of all the 18 U.S.C. § 3553(a) factors"). Consequently, the first step is to determine the correct Guideline offense level.

A. Offense Level

The United States agrees with the Guidelines calculations set forth in the PSR, resulting in an Offense Level of 21 and Criminal History Category VI. The applicable Guideline in this case is § 2L1.2, which carries a base offense level of 8. Section 2L1.2(b)(1)(A) is applied if the defendant previously was deported after a conviction for a crime of violence, thereby increasing

the offense level by 16 levels. Here, it is uncontroverted that the defendant sustained a robbery conviction–*i.e.*, a crime of violence. PSR ¶ 35; *see also* Ex. A. A conviction under Cal. Pen. Code § 211 is categorically a crime of violence for purposes of § 2L1.2. *United States v. Rodriguez-Ramirez*, 221 Fed. Appx. 581, **1 (9th Cir. 2007); *see also United States v. David H.*, 29 F.3d 489, 494-95 (9th Cir. 1994). The Ninth Circuit has also made it clear that there is no time limit on the age of convictions for the purpose of calculating sentencing enhancements under § 2L1.2. *United States v. Olmos-Esparza*, 484 F.3d 1111, 1116 (9th Cir. 2007). It is also undisputed that the defendant was deported on multiple occasions after receiving his 1995 robbery conviction. PSR ¶¶ 6 & 35. Thus, the defendant has an adjusted offense level of 24. Lastly, three levels should be subtracted for acceptance of responsibility under § 3E1.1(a) & (b). Accordingly, the total offense level is 21. *See* PSR ¶ 23.

B. Criminal History Category

Next, the Court must calculate the defendant's Criminal History Category. As previously noted, the United States agrees with a Criminal History Category VI as reflected in the PSR. PSR ¶ 43. The defendant's criminal history points total 15. *Id.* The defendant objected to the points received under ¶¶ 36-38 of the PSR because the convictions are allegedly related. However, the Ninth Circuit has made clear that sentences are not "related" under § 4A1.2 for purposes of computing a defendant's criminal history if the offenses were separated by an intervening arrest. *United States v. Asberry*, 394 F.3d 712, 718 (9th Cir. 2005). "If an intervening arrest did separate the offenses, our inquiry is over: the offenses are unrelated for the purpose of the Guidelines." *Id.* at 719. Indeed, "sentences for offenses separated by an intervening arrest are always unrelated under section 4A1.2 as amended in 1991, regardless whether the cases were consolidated for sentencing." *Id.*

Here, the offenses are separated by intervening arrests and are therefore not related under § 4A1.2. The defendant was arrested for the conduct in ¶ 36 on April 18, 1997. PSR ¶ 36. He was later arrested for the conduct in ¶ 37 on June 6, 1997. *Id.* at ¶ 37. Finally, he was arrested for the conduct in ¶ 38 on January 25, 1998. *Id.* at ¶ 38. Stated differently, on each occasion, the defendant was arrested prior to committing the next offense. Accordingly, the PSR is correct in

3

1  calculating criminal history points under §§ 4A1.1(b) & (c) for the conduct relating to each of the

2  offenses in ¶¶ 36-38.

3         An additional factor, which is not reflected in the PSR, is the option for an upward

4  departure under § 4A1.3(a) because the defendant's criminal history inadequately reflects his true

5  criminal history points. Paragraph 35 reflects the defendant's 1995 conviction for second degree

6  robbery. *Id.* at ¶ 35. Several years later, the defendant's probation was modified to include an

7  additional one year term of imprisonment. *Id.*; Ex. B. Unlike some circuits, the Ninth Circuit

8  has stated that this kind of probation modification does not qualify as a "revocation" for purposes

9  of § 4A1.2(k). *See United States v. Ramirez*, 347 F.3d 792, 802 (9th Cir. 2003). Accordingly,

10  the additional one year cannot be added to the original year term of imprisonment.

11         If the two terms of imprisonment could be added together, the defendant would receive

12  three additional criminal history points for this conviction under §§ 4A1.1(a), 4A1.2(e)(I), and

13  4A1.2(k), because a portion of the term was served within the past fifteen years. Instead,

14  *Ramirez* holds that the proper method for accounting for such a circumstance is to utilize § 4A1.3

15  to show that "repeated criminal behavior is an indicator of a limited likelihood of successful

16  rehabilitation" and that "the criminal history category does not adequately reflect...the likelihood

17  that the defendant will commit other crimes." *Id.* In other words, this is a factor upon which to

18  base an upward departure under § 4A1.3(a) because the defendant's true criminal history is not

19  adequately reflected.

20         Here, the United States does not recommend that the Court upwardly depart beyond the

21  calculated Guideline range. Notwithstanding, given that the defendant's criminal history points

22  already exceed the maximum Criminal History Category VI, and that there is a legitimate basis

23  for upward departure, the Court should consider these factors together and sentence the defendant

24  to 96-months at the high-end of the Guideline range. It is for this reason that the United States

25  differs with the length of sentence recommended by the United States Probation Office. The

26  Court should sentence within the Guideline range because the case at hand does not fall outside

27  the "heartland" to which the Commission intends individual Guidelines to apply. *See United*

28  *States v. Rita*, 127 S.Ct. 2456, 2465 (2007). However, taking all of the factors together,

4

including the Guidelines calculation and section 3553(a) factors, a 96-month sentence and three-year term of supervised release appropriately serves the goals of sentencing and would impose a just sentence that is no greater than necessary.

## II. APPLICATION OF 18 U.S.C. § 3553(a) FACTORS DEMONSTRATE THAT A 96-MONTH SENTENCE IS REASONABLE

Application of the § 3553(a) factors confirm that a sentence at the high-end of the Guideline range is reasonable in this case.

### A. § 3553(a)(1) - Nature And Circumstances Of The Offense

The statute prohibiting illegal reentry was enacted by Congress to prevent the unlawful and repeated reentry of aliens. The Ninth Circuit has recognized that a district court is justifiably concerned each time a defendant is deported and returns without approval—which "itself [is] a serious crime." *United States v. Gutierrez-Silva*, 353 F.3d 819, 823 (9th Cir. 2003). Not only has this defendant been deported and returned without approval once, he has been deported from the United States seven times. PSR ¶ 6; Ex. C. In fact, he has committed the same crime of illegal entry or illegal reentry, for which he now stands before the court, on five occasions. *Id.* at ¶¶ 2 (Illegal Reentry), 30 (Illegal Entry), 39 (Illegal Reentry) & 40 (two counts of Illegal Entry).

The crime of illegal reentry becomes particularly more troublesome when the defendant has been previously convicted of a felony crime of violence. The Guidelines place great weight upon this factor and impose a 16-level enhancement for crimes of violence. The Guidelines place great weight upon the defendant's previous convictions to protect society from illegal aliens who come to the United States to conduct criminal activity. Here, during the defendant's repeated returns to the United States, he has consistently engaged in criminal activity while unlawfully remaining in the country. Indeed, it is uncontroverted that the defendant sustained a robbery conviction—a crime of violence. *Id.* at ¶ 35. The defendant was also charged with committing an additional robbery within approximately ten days of the first robbery. *Id.*; *see also* Ex. A. During both of these robberies, he was charged with using a deadly weapon, specifically a knife. *Id.* The following year, the defendant was arrested and charged with an assault with a deadly weapon, possession of heroin, and a parole violation. PSR ¶ 47. Such violent crimes are

5

dangerous and a threat to the public which significantly increases the seriousness of the crime of illegal reentry.

Also, while in the United States unlawfully, the defendant has compiled a lengthy history filled with other criminal acts of violence and drug abuse. For example, the defendant sustained substance abuse or drug convictions in 1982, 1984, 1989, 1990, 1991, 1992, and 2001. *Id.* at ¶¶ 27, 29, 31, 32, 33, 34, & 41. One of the arrests shows that he was charged with possession of a controlled substance for sale, which was later dismissed in lieu of a plea to the lesser charge of mere possession. *Id.* at ¶ 27. The defendant received 16-months imprisonment on this charge. *Id.*

Other facts also show the seriousness of the crime in this case; the defendant has demonstrated a propensity for violence by repeatedly abusing and threatening, with the intent to terrorize, his wife. *Id.* at ¶¶ 36, 37, 38, 42 & 48. During one of those incidents the defendant threatened his wife and pulled the telephone from the wall. *Id.* at ¶ 48. His wife was so sacred that she told police she did not want to return home. *Id.* The defendant's violence is not limited to his family. The defendant was also convicted of battery stemming from a fight he had with his boss regarding his paycheck. *Id.* at ¶ 28. The defendant's propensity for violence is further demonstrated by his arrest for second degree burglary and grand theft of property. *Id.* at ¶ 46.

Lastly, the seriousness of the crime in this case is also reflected in the defendant's ten previous convictions, which receive no criminal history points due to the age of the convictions. PSR ¶¶ 26-35. These ten convictions indicate that his Criminal History Category under represents the actual nature and circumstance of this particular crime. Indeed, the defendant has been in the United States illegally for many years engaging in criminal activity and putting the safety and security of others at risk. Consequently, the defendant's long history of violence, drug use, and other criminal conduct demonstrate the serious nature of this crime, which will only be adequately accounted for under the Guidelines and § 3553(a)(1) with a 96-month sentence.

B.  § 3553(a)(2)(A) - Reflecting Seriousness Of Offense,
    Promote Respect For Law And To Provide Just Punishment

The seriousness of the offense has sufficiently been described in the previous factor.

6

1  Likewise, § 3553(a)(2)(A) is also important in the present case because the defendant has shown
2  absolutely no respect for the law. The defendant's disrespect is obvious by looking at his 26 year
3  pattern of criminal activity. Since 1981, the defendant has been consistently in and out of
4  prison. The defendant is a repeat criminal offender with 17 total criminal convictions. *See* PSR
5  ¶¶ 26-42. Likewise, he has 15 criminal history points which extend beyond the maximum
6  provided for under the Guidelines.[1] Moreover, the defendant's 1998 probation modification,
7  wherein he received an additional year in prison, forms the basis for an upward departure. To say
8  the least, the defendant's criminal history understates his continual and repeated criminal activity.

9  As one circuit noted, the seriousness of the crime coupled with the defendant's extensive
10  criminal history, including convictions and arrests, "establish [the] defendant['s] gross disregard
11  for the law and a pattern of recidivism." *United States v. Rodriguez-Alvarez*, 425 F.3d
12  1041, 1047 (7th Cir. 2005). Like *Rodriguez-Alvarez*, the defendant here has shown a gross
13  disregard for the law. To date, the defendant has looked upon the criminal justice system with
14  disdain and has been altogether undeterred by every prior sentence meted out to him. Imposing a
15  high-end Guideline sentence will provide a just and reasonable sentence. At the same time, with
16  the defendant's significant criminal record, leniency and tolerance in sentencing will not promote
17  respect for the law as to this defendant without a high-end Guidelines sentence. Consequently, a
18  96-month sentence is required to satisfy the goals under § 3553(a)(2)(A).

19  C.  § 3553(a)(2)(B) - Afford Adequate Deterrence

20  A sentence at the high-end of the Guidelines is also necessary to accomplish the goals of
21  § 3553(a)(2)(B). This goal is closely tied to the previous factor of promoting respect for the law
22  especially when considering a defendant, like Mr. Baca-Ruiz, who has an extensive criminal
23  history. The Supreme Court has noted that recidivism is an important factor when increasing a
24  defendant's sentence. *See Apprendi v. New Jersey,* 530 U.S. 466, 488 (2000) (recognizing that
25  "recidivism ... is a traditional, if not the most traditional, basis for a sentencing court's increasing

26

---

27  [1] Section 4A1.3 provides a basis for an upward departure from Criminal History Category VI where the
range does not adequately reflect the seriousness of the defendant's criminal history. § 4A1.3, App. Note 2(B).
28  While a departure is not recommended in this case, it does suggest that a high-end sentence is appropriate.

7

1    an offender's sentence"). This case presents a textbook case of recidivism for which §

2    3553(a)(2)(B) attempts to prevent a defendant's reversion to the same criminal activity.

3         As previously stated, the charge for which the defendant stands before this Court,

4    represents his fifth illegal reentry or illegal entry crime. PSR ¶¶ 2, 30, 39, & 40. These multiple

5    convictions demonstrates the law's previous inability to provided deterrence for the very crime

6    for which the defendant is again being sentenced. As the Ninth Circuit has stated, "[t]he

7    recidivist's relapse into the same criminal behavior demonstrates his lack of recognition of the

8    gravity of his original wrong, entails greater culpability for the offense with which he is currently

9    charged, and suggests an increased likelihood that the offense will be repeated yet again." *United

10   States v. Chavez-Botello*, 905 F.2d 279, 281 (9th Cir. 1990). In this case, there is every reason to

11   believe that unless a greater sentence is imposed, the defendant will not recognize the gravity of

12   his crime. Just as in previous cases where no term of imprisonment has served as a deterrent,

13   leniency in this case will not serve as a deterrent for this defendant.

14        As noted above, the Ninth Circuit has recognized the seriousness of repeated illegal

15   reentries. *Gutierrez-Silva*, 353 F.3d at 823; *see also United States v. Banda-Zarate*, 232 Fed.

16   Appx. 344, 346 (4th Cir. 2007) (upholding a 96-month sentence in a § 1326 case based upon an

17   upward departure from a Guideline range of 51-63 months because of the defendant's propensity

18   for recidivism, the understatement of his criminal history, and the seriousness of the crimes he

19   committed); *United States v. Solis-Bermudez*, --- F.3d ----, 2007 WL 2669434, *5 (8th Cir. 2007)

20   (finding no abuse of discretion where the district court departed upward 14 months and imposed

21   a non-Guidelines sentence because defendant's repeated illegal reentry into the United States was

22   strong evidence of his propensity to recidivate); *United States v. Sanchez*, 236 Fed. Appx. 487,

23   490 (11th Cir. 2007) (upholding an upward departure from a Guideline range of 77-96 months to

24   a 120 month sentence in § 1326 case because of, *inter alia*, the defendant's "offenses

25   continu[ed], almost unabated since 1999 and [had] a series of violent offenses against his wife.").

26   Like *Sanchez*, the defendant here has criminal history which has continued almost unabated since

27   1981, and which also includes violence against his wife. *See* PSR ¶¶ 37, 38, 42, & 48. These

28   facts suggest a strong need to prevent recidivism and that a just punishment is, at the least, a

8

1    high-end Guideline sentence.

2    Additionally, the Nine Circuit has recognized that repeated returns to the United States

3    after deportation are an appropriate deterrent factor for the district court's consideration. *United*

4    *States v. Gonzalez-Larrea*, 2007 WL 2733728, *1 (9th Cir. 2007). The defendant's repeated

5    deportations and illegal reentries are serious and also suggest a high-end sentence. The evidence

6    demonstrates that the defendant is recidivist with an extremely high number of deportations.

7    PSR ¶ 6. Consequently, this large number of deportations suggest that a significant deterrent

8    needs to be imposed. Indeed, for the past 25 years nothing has dissuaded the defendant from

9    illegally returning to the United States. This defendant has been given many chances to return

10   and remain in Mexico. Each time the defendant has chosen to ignore the law, and illegally return

11   to the United States. Nothing in the records evidences that the defendant's propensity to commit

12   crimes has changed. He comes before the court each time and asserts to the court and the

13   government that he has changed his ways and therefore a lenient should be imposes. His record,

14   however, speaks otherwise.

15   For example, the defendant states that he plans on taking his family to Mexico when he is

16   released from prison. *Id.* at ¶¶ 55 & 62. Interestingly, the defendant previously moved his family

17   to Mexico, after his last illegal reentry conviction. *Id.* at ¶ 55. Nevertheless, at least some of the

18   family remained in the United States, and his wife eventually returned to California. *Id.* The

19   defendant obviously followed his family back to the United States and again committed the crime

20   of illegal reentry. Once he was back in the United States, he resumed his criminal behavior and

21   sustained a conviction of battery on his spouse. *Id.* at ¶ 42. There simply is no reason to believe

22   that the family dynamic has changed or that situation will be any different after this present

23   conviction. As such, the odds for another illegal reentry followed by other criminal activity are

24   dramatic in this case. Had past punishment been more severe, it would have acted as a stronger

25   deterrent. Where the law has previously failed with this defendant, it should now impose a

26   significant sentence to provide the needed deterrent.

27   Under circumstances where a defendant has demonstrated recurring recidivist behavior,

28   such as this defendant, an enhanced sentence is entirely appropriate. *See*, *e.g.*, *United States v.*

9

1   *Molina*, 952 F.2d 514, 520 (D.C. Cir. 1992) (finding that "it is very likely that an alien who

2   surreptitiously enters the country on five occasions, despite criminal sanctions and repeated

3   deportation, will do so again; therefore, an enhanced sentence is required for reasons of specific

4   deterrence and incapacitation"); *United States v. Montenegro-Rojo*, 908 F.2d 425, 430 (9th Cir.

5   1990) (holding that, under a previous version of the Guidelines, repeated deportations could form

6   a basis for the court to depart upward when the number of returns becomes very large).

7   "Rationally, if a defendant has been convicted for the same offense more than once, he has

8   demonstrated the need for greater sanctions to deter him from committing that same crime

9   again...." *Molina*, 952 F.2d at 519. Accordingly, given the significant odds of recidivist

10   behavior, coupled with the defendant's seven deportations and five illegal entry or illegal reentry

11   convictions, a high-end sentence is warranted–anything less and the temptation to illegally return

12   will be too great for this defendant to resist. In sum, a 96-month sentence is required to provide

13   an adequate level of deterrence from engaging future criminal activity.

14       D.  § 3553(a)(2)(C) - To Protect The Public From Further Crimes

15       As has already been reflected in detail above, the defendant has a significant history of

16   engaging in criminal activity which endangers the public and his family. Simply stated, the

17   defendant has done nothing since he came into the United States except commit crimes. The

18   defendant's 26-year criminal history should not be ignored in this case, and a term of

19   imprisonment at the high-end is required to protect the public from future crimes that the

20   defendant may commit. Based on his history, the conclusion can be drawn that were the Court to

21   impose a lenient sentence, the defendant will engage in the same type of conduct by illegally

22   returning to the United States and committing other violent crime while in the country.

23   Accordingly, the public's need for protected from individuals such as the defendant is weighty,

24   and should be given substantial consideration under § 3553(a)(2)(C) in this case.

25       Additionally, the defendant has evidenced little ability to be a productive member of

26   society. He dropped out of school and has only a second grade education. PSR ¶ 63. Moreover,

27   his employment record shows sporadic employment at best and that he owes creditors $2,600.

28   *Id.* at ¶¶ 65-72. He has no other assets. His inability to contribute to society and to earn an

1 honest living has caused the defendant to resort to a life of crime wherein he endangers his
2 family and other members of society. The defendant's negative criminal influence appears to
3 have extended to his son because they were both arrested in 2005 by the Union City Police
4 Department relating to possession of marijuana. *Id.* at ¶ 49. During a search of the defendant's
5 house, police offers found approximately 15 grams of marijuana and two scales. *Id.* (one large
6 bag and several small bags). They also found receipts for 3.5 grams of "Silver Afghani" and 3.5
7 grams of "Sour Diesel." *Id.* Police also found five empty 3.5 gram baggies. *Id.* Lastly, as
8 already previously stated, the defendant is threat to his wife having been convicted multiple times
9 for abuse of his wife. *Id.* at ¶¶ 36, 37, 38, & 42. In sum, the defendant's negative influence is
10 strongly felt by his family and his violence creates a meaningful threat to society as a whole.

11 Considering all of the defendant's behavior together evidences a real and significant need
12 to protect the public from his future criminal activity. Thus, imposing a 96-month sentence will
13 protect the public during the time he is in prison. Moreover, a three year term of supervised
14 release will further protect the public by ensuring that he does not illegally return to the United
15 States by providing a further deterrent of additional prison should he violate the terms of his
16 release.

17 E. § 3553(a)(2)(D) - To Provide Defendant Needed Care, Training, and Treatment

18 The defendant has had a limited upbringing, has never completed high school, and has
19 had difficulty providing support for his wife and children. *See* PSR at ¶¶ 52-72. The defendant
20 has limited formal work history or specialized training. *See id.* at ¶ 63-71. The defendant could
21 benefit from educational programs and available work training.

22 The defendant also has anger management issues evidenced by his criminal history and
23 domestic violence. *Id.* at ¶ 59. The defendant certainly could benefit from anger management
24 counseling. Moreover, he could benefit from other mental health counseling given that the
25 defendant may suffer from mental health issues as evidenced by a possible suicide attempt. *Id.* at
26 ¶ 60. Further, the defendant has had significant substance abuse problems in the past and could
27 use further assistance in overcoming these addictions. *Id.* at ¶61-62.

28 Accordingly, a 96-month term of imprisonment will allow the defendant to address his

11

1  addictions, emotional health, and education. Participating in various education and treatment

2  programs will allow him to learn how to be a useful member of society once he emerges from

3  prison without resorting to a life of crime. Thus, this factor is adequately accounted for by

4  imposing the recommended sentence.

5  F.  § 3553(a)(4) and (5) - Guideline Calculations And U.S.S.G. Policy Statements

6  The United States agrees with the Guideline calculation in the PSR and directs the Court

7  to the previous discussion regarding this issue.

8  G.  § 3553(a)(6) - Need To Avoid Unwarranted Sentencing Disparities

9  Unfortunately, the defendant's crime is not unique, and is in fact, all too common. The

10  Guidelines provide a mechanism, which if adhered to, allow for the Court to approximate a

11  common range of punishment for a particular crime, thereby eliminating sentencing disparities

12  around the country for the same crime.

13  Moreover, many defendants in the Ninth Circuit convicted of illegal reentry under § 1326

14  receive sentences of 96-months imprisonment. *See, e.g.*, *United States v. Rodriguez-Bravo*, 205

15  Fed. Appx. 604, 604 (9th Cir. 2006) (affirming defendant's 96-month sentence); *United States v.*

16  *Ortega-Frutos*, 207 Fed. Appx. 762, 762 (9th Cir. 2006) (affirming defendant's 96-month

17  sentence); *United States v. Lopez-Magallon*, 174 Fed. Appx. 417, 417 (9th Cir. 2006) (affirming

18  defendant's 96-month sentence); *United States v. Guzman-Hernandez*, 32 Fed. Appx. 436, 436

19  (9th Cir. 2002) (affirming defendant's 96-month sentence); *United States v. Villa-Lozano*, 10

20  Fed. Appx. 574, 574 (9th Cir. 2001) (affirming defendant's 96-month sentence); *United States v.*

21  *Sanchez-Sanchez*, 242 F.3d 385, 385 (9th Cir. 2000) (affirming defendant's 96-month sentence);

22  *United States v. Estrada-Rios*, 164 F.3d 632, 632  (9th Cir. 1998) (affirming defendant's 96-

23  month sentence).[2]

24  Other circuit courts throughout the country also routinely uphold 96-month sentences in §

25  1326 cases. *See, e.g.*, *Banda-Zarate*, 232 Fed. Appx. at 346. (affirming defendant's 96-month

27  [2] These unpublished cases are not cited as binding legal precedent, but only for the factual purpose of

28  showing that defendants in § 1326 cases are often sentenced to 96-months imprisonment. Ninth Cir. R. of App. Proc. 36-3(c)(ii).

12

1   sentence); *United States v. Gonzalez*, 225 Fed. Appx. 251, 252 (5th Cir. 2007) (affirming a 96-
2   month sentence); *United States v. Sandoval-Cerrantes*, 212 Fed. Appx. 584, 585 (8th Cir. 2007)
3   (affirming a 96-month sentence at the top of the Guideline level because of the defendant's
4   history and characteristics, "namely, his troubling criminal history"); *United States v. Daniel*, 215
5   Fed. Appx. 942, 944 (11th Cir. 2007) (affirming defendant's 96-month sentence). Given that it is
6   not unusual, in an illegal reentry case for a defendant to receive a 96-month sentence, the Court
7   would not be creating an unwarranted sentencing disparity here. Accordingly, a 96-month
8   sentence is appropriate and reasonable.

9         Moreover, unwarranted sentencing disparities within the meaning of § 3553(a)(6) cannot
10   be created based upon "Fast-Track" programs. *United States v. Marcial-Santiago*, 447 F.3d 715,
11   718 (9th Cir. 2006); *see also United States v. Rios,* 218 Fed. Appx. 589, 590 (9th Cir. 2007)
12   (rejecting the defendant's contention that disparity between his sentence and fast-track sentences
13   imposed on other defendants in the same district rendered his sentence unreasonable). The
14   defendant in this case has previously been convicted in the Northern District of California for
15   illegal reentry. In two of those previous cases, the United States recommended that the defendant
16   receive a substantially reduced sentenced based upon this District's "Fast-Track" policy. The
17   United States gave the defendant the benefit of such a policy two different times premised, in
18   part, upon a promise from the defendant that he would not illegally return to the United States.
19   The defendant has shown complete disregard for the promises he previously made and also has
20   demonstrated a complete disregard for the law. Now, the third time the defendant has been
21   convicted in this District for the same offense, he will not receive a "Fast-Track" disposition.
22   Nevertheless, the defendant's inability to receive the benefit of a "Fast-Track" disposition will
23   not render the defendant's sentence unreasonable. *Marcial-Santiago*, 447 F.3d at 719. Thus, the
24   defendant cannot argue that because he twice previously received Fast-Track, or that other
25   defendants may receive Fast Track in this District, causes an unwarranted disparity as to him in
26   this case. Thus, the Court should not consider Fast-Track sentences verses non-Fast-Track
27   sentences under § 3553(a)(6).

28         Finally, there are no other individuals charged with the defendant in this case. And, other

13

1  than the defendant's probation modification discussed previously, there are no unique factors in

2  this case that would necessitate a departure from the Guidelines thereby justifying a sentencing

3  disparity. *See* PSR ¶ 88. Accordingly, a sentence of 96-months is consistent with the

4  Guidelines, is consistent with other similar cases throughout the circuit and the country, and

5  accomplishes the goals of § 3553(a)(6).

6      H. § 3553(a)(7) - Need To Provide Restitution

7        This factor is not implicated by this crime.

8  <div align="center">**CONCLUSION**</div>

9      For all of the reasons set forth above, including the defendant's recidivism, extensive

10  criminal history, threat to his family and society, and complete resistence to all prior deterrent

11  efforts, the Government respectfully requests that defendant be sentenced to 96-months

12  imprisonment and a three-year term of supervised release.

13

14          Respectfully submitted,

15          SCOTT N. SCHOOLS
        United States Attorney

16  DATED: November 2, 2007

17

18          BRYAN R. WHITTAKER
        Special Assistant United States Attorney

19

20

21

22

23

24

25

26

27

28

14

# Exhibit A

212-203

MUNICIPAL COURT . R THE FREMONT-NEWARK-UNION . Y JUDICIAL DISTRICT
COUNTY OF ALAMEDA, STATE OF CALIFORNIA

FILED
ALAMEDA COUNTY
JAN 3 1 1995
RONALD G. OVERHOLT, Exec. Off./Clerk
By _____ Deputy

THE PEOPLE OF THE STATE OF CALIFORNIA

vs.

Roland Ruiz Baca

Defendant(s)

No. 160385

CERTIFICATE OF MAGISTRATE
and COMMITMENT
(Guilty Plea to Felony)

PFN: AK 2863
42/4873  H 20040-

The attached complaint was filed in the above entitled court and a copy thereof delivered to the below named defendant(s), and to each of them if more than one.

On January 25, 1995, while the charges in the complaint were pending in the court,

defendant Roland Ruiz Baca _____ with his

counsel Margo Game, PD

appeared before me in open court. I then read the complaint to the defendant(s) and asked the defendant(s) whether he pleaded guilty or not guilty to the offense(s) charged and to previous conviction(s) of crime if charged.

With my consent and the consent of the District Attorney, with counsel for defendant(s) present, the defendant(s) pleaded guilty to the felony offense(s) to wit:
A violation of section 211 of the Penal Code of California
as to Count 1 of Complaint. Count 2 is _____
dismissed by the District Attorney Attorney.
+ 1st prior is stricken by the District Attorney.

I therefore certify this case to the Superior Court of the State of California, in and for the County of Alameda and refer the matter to the Probation Office for Report and Sentence in said Superior Court on

February 24, 1995 · 830 A.m · Dept 7 Superior Court

Defendant(s), and each of them if more than one, may be admitted to bail (including penalty assessment) in the sum of $ 20,000.

The Sheriff of the County of Alameda, if the defendant(s) be not now on bail, is commanded to receive the defendant(s) into custody and to detain defendant(s) until legally discharged.

Dated Jan 25, 1995

_____ Mark C. Smit
Judge of the Municipal Court

X Copy issued to the Sheriff of County of Alameda as commitment for said defendant(s).

_____ Defendant(s) on _____ bail posted by _____

For defendant(s) on bail, give address if one defendant; names and addresses if more than one:

**FILED**

DEC 1 4 1994

George S Hagen, Clerk of the
Municipal Court for the Fremont
Newark Union City Judicial District.
By_____ Deputy

Warrant Issued _____
Bail Set at _____

MUNICIPAL COURT FOR THE FREMONT-NEWARK-UNION CITY JUDICIAL DISTRICT
COUNTY OF ALAMEDA, STATE OF CALIFORNIA

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA) | No. 160385 | RPT: 94-1127-004 |
| ) | **FIRST AMENDED** | |
| vs. ) | **COMPLAINT** | T/A: 12/15/94 |
| ) | | |
| ROLAND RUIZ BACA ) | | |
| Defendant ) | | H 20040– |

The Undersigned, being sworn, says, on information and belief, that said
defendant(s) did, in the Fremont-Newark-Union City Judicial District, County
of Alameda, State of California, on or about NOVEMBER 18, 1994, commit a
FELONY, to wit:  ROBBERY, a violation of Section 211 of the Penal Code of
California, in that said defendant(s) did then and there rob CARLOS DEALTON
of U.S. CURRENCY.

### USE OF DEADLY/DANGEROUS WEAPON CLAUSE
(Penal Code Section 12022(b))

The Undersigned further deposes and says on information and belief, that
in and during the commission and attempted commission of the above offense,
the said defendant ROLAND RUIZ BACA, personally used a deadly and dangerous
weapon, to wit:  A KNIFE.

### SECOND COUNT

The undersigned, being sworn says on information and belief, that said
defendant(s) did, in the Fremont-Newark-Union City Judicial District, County
of Alameda, State of California, on or about NOVEMBER 27, 1994, commit a
FELONY, to wit:  ROBBERY, a violation of Section 211 of the Penal Code of
California, in that said defendant(s) did then and there rob VICTOR RIVERA of
U.S. CURRENCY.

### USE OF DEADLY/DANGEROUS WEAPON CLAUSE
(Penal Code Section 12022(b))

The Undersigned further deposes and says on information and belief, that
in and during the commission and attempted commission of the above offense,
the said defendant ROLAND RUIZ BACA, personally used a deadly and dangerous
weapon, to wit:  A KNIFE.

A-042 (8/79)

## FIRST PRIOR CONVICTION

The Undersigned further deposes that before the commission and attempted commission of the offense(s) charged in this complaint and on or about the 9TH day of AUGUST, 1982, the said ROLAND RUIZ BACA, was convicted in the SUPERIOR Court of the State of CALIFORNIA, in and for the County of ALAMEDA, of a felony, to wit:    SECTION 11350 OF THE HEALTH AND SAFETY CODE OF CALIFORNIA,  and that pursuant to said conviction the said defendant SERVED A TERM IN A CALIFORNIA STATE PRISON, A PENAL INSTITUTION.

1-2745

Complainant therefore prays that a warrant issue and that the said defendant(s) be dealt with according to law.

Subscribed and sworn to before me on

December 14, 1994 LMF:j1 85555

Deputy District Attorney, Alameda County, California

Name........................................................

Address ....../S/. UCPD.................................

Telephone ..................................................

Inspectors

202-750

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA     Dept. No. 7  dn

Date: **Feb. 24, 1995**     Hon. JAMES R. LAMBDEN, Judge     Michelle Souza, Dep. Clerk
                                                            Judy Gallegos, Reporter

THE PEOPLE OF THE STATE OF CALIFORNIA     Counsel appearing     Karen Meredith, Deputy
ALAMEDA COUNTY                            for Plaintiff         District Attorney
                    Plaintiff

FEB 2 3 1995

vs.                                       Counsel appearing     Susan Sawyer, Asst
                                          for Defendant         Public Defender

**ROLAND RUIZ BACA**     CLERK OF THE SUPERIOR COURT
                         By_____ DEPUTY Probation Officer     John Stone,
                                              appearing          Deputy
                    Defendant

---

NATURE OF PROCEEDINGS:     **MINUTE ORDER RE: PROBATION**     No. H20640
                                                               **(AKZ 863 4214873)**

This action comes on regularly this day for report of the Probation Officer and sentence.
Spanish Interpreter, Robert Kopec, is present.

The defendant having been convicted on **JANUARY 25, 1995** by plea of nolo contendere to the offense(s) of felony,
to wit: ROBBERY in the Second Degree, a violation of Section 211 of the Penal Code of California, as charged in
the 1st count of the Complaint. On motion of the District Attorney and in the furtherance of justice, the Court ordered
the 2nd count dismissed and the use clause and prior conviction stricken; and the cause was certified to this Court
for sentence.

The Court having read and considered the report of the Probation Officer: Imposition of sentence is suspended for
a period of **THREE (3) YEARS** during which time the defendant is placed under the care, custody and control of the
Probation Officer of Alameda County, subject to the following terms and conditions, to-wit: Defendant shall:

☒  Serve the first **one (1) year** of said probationary period in the Alameda County Jail with credit for time served:
    **128** Total days ☒ (actual **85** days + GT/WT **43** days; ☐ including GT/WT);  and upon release therefrom;
☒  Report forthwith to the Probation Officer and thereafter as directed and follow all directives of the Probation
    Officer.
☒  Obey all laws of the community and be of good conduct.
☒  Seek and maintain regular employment and/or schooling; if change place of employment or residence notify
    Probation Officer of any change within **7 days**.
☒  Pay Restitution Fine of **$200.00** (Sec. 1202.4(b) PC) to and through the Probation Officer as directed.(monthly
    installments)
☒  Pay Probation Supervision fee of **$I00.00** (Sec. 1203.1b PC) to and through the Probation Officer as directed.
☒  Make restitution to and through the Probation Officer in such monthly installments as directed by Probation
    Officer.
☒  Submit to such education, counseling, treatments or tests as directed by the Probation Officer, including but
    not limited to urinalysis.
☒  Not use, possess, or in any way traffic in narcotics or dangerous drugs, and not associate with any person
    using or trafficking in narcotics or dangerous drugs.
☒  If arrested give true name, correct address and accurate birthdate to arresting officer and report in writing to
    the Probation Officer within 7 days of said arrest.
☒  Submit to search and seizure by any  Probation Officer or any other law enforcement officer at any time of the
    day or night, with or without a search warrant, including: vehicle, residence, person or any other property
    under your control.
☒  Not threaten, annoy, or molest **victim.**
☒  Not be eligible for County parole.

t-r&s.dot                                          1

Case No. H20640
Roland Baca
pg. 2 of 2

☒     Not own, use, or possess any firearm or any other deadly or dangerous weapon.
☒     Defendant is remanded into custody of the Sheriff of Alameda County.

t-r&s.dot

2

# Exhibit B

(5/96)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA                    Dept. No. 11 vf

Date: **April 9, 1998**          Hon. DEAN A. BEAUPRE, Judge          Rhoda Nishiyama, Dep.Clk.
                                                                     Melanie Buerke, Reporter

---

THE PEOPLE OF THE STATE OF CALIFORNIA          Counsel appearing      David Hollister, Deputy
                                               for Plaintiff          District Attorney
                    Plaintiff

vs.                                            Counsel appearing      Tammy Yuen, Deputy
                                               for Defendant          Public Defender
**ROLAND RUIZ BACA**

                                               Probation Officer      John Stone,
                    Defendant                  appearing              Deputy

---

Advanced from 4/29/98
NATURE OF PROCEEDINGS:                                        No. H-20640
                                                             (AKZ863  4214873)

| | |
|---|---|
| ☐ Petition to Revoke Probation | ☐ DA Petition to Revoke Probation |
| ☐ Petition to Modify Probation | ☐ Appointment of Counsel |
| ☐ Sentence After Revocation | ☐ Progress Report re: Diversion |
| ☒ To Set Hearing After Revocation | ☐ Motion to Modify Probation |
| ☐ Progress Report | ☐ |
| ☒ Defendant is present. | |

The Court, having conferred with the  ☒ Probation Officer   ☒ District Attorney, ORDERS:

☐ Petition  ☐ Motion    ☐ Granted    ☐ Denied      ☐ Withdrawn
☐ Probation is revoked  ☐ Bench Warrant Issued  ☐ No Bail  ☐ Bail Set at S
   Service:  ☐ Not Limited to California ☐ Warrant Issued--Service Withheld
☐ Bench Warrant☐ Recalled    ☐ Withdrawn
☐ Copy of Petition served on defendant.   ☐ Referred to Public Defender for interview.
☐ Public Defender appointed as counsel for defendant.
☐ Public Defender files Conflict --    appointed as counsel.
☐ Defendant is released on his own recognizance
☒ Defendant waives formal hearing.  Matter is submitted and revocation is affirmed.
☒ Order previously made revoking probation vacated and set aside and defendant is **restored** to probation.
☐ Probation is modified and terminated.
☒ Probation is modified to include:  Serve **one (1) year** in the County Jail with credit for time served: **110 days**
   total **(--- actual + --- good/worktime days).**
☐ Probation is modified as follows:
☐ County Jail term is reduced to time served.
☒ Probation is extended to and including: **February 23, 1999.**
☒ Continue on probation under the same terms and conditions.
☐ Probation expires on:
☐ Probation is to terminate upon defendant's release from custody.
☒ Defendant is remanded    ☐ NO BAIL into the custody of the Sheriff of Alameda County.
☐ Defendant is released from custody, this action only.
☐
Matter is continued to:

(Original: to file)
(Copy: micro)
(Additional copies as required)



The foregoing instrument is a
correct copy of the original
on file in this office.

ATTEST:  APR 1 3 1998

RONALD G. OVERHOLT
Executive Officer/Clerk of the Superior Court,
State of California, County of Alameda.
BY_____ DEPUTY

# Exhibit C

UNITED STATES OF AMERICA
**DEPARTMENT OF JUSTICE**

IMMIGRATION AND NATURALIZATION SERVICE



## WARRANT OF DEPORTATION

No. A26-347-151

To any Officer or Employee of the United States Immigration and Naturalization Service.

After due hearing before an authorized officer of the United States Immigration and Naturalization Service, and upon the basis thereof, an order has been duly made that the alien                BACA-Ruiz, Rolando

who entered the United States at/near El Paso, Texas

on or about the  -----------  day of August     , 1975 , is subject to deportation under the following provisions of the laws of the United States, to wit:

Section 241 (a)(11) of the Immigration and Nationality Act.

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his direction, command you to take into custody and deport the said alien pursuant to law, at the expense of the appropriations, "Salaries and Expenses, Immigration and Naturalization Service."

Signature: _David N. Ilchert_

Title: _David N. Ilchert, District Director_

Date: _22 April 1983_

Place: _San Francisco, California_

Form I-205
(Rev.11-29-79)N

WARRANT FOR DEPORTATION OF

_BACA   BUIZ   Rolando_
(Name of Deportee)

Deported at Port of _CALEXICO   CALIF_          on _04-26-83_
(port of departure from the U.S.)          (date of departure)

via _AT   A FOOT_
(manner of departure; identify airline or ship; if other, state: afoot, car, etc.)

Departure witnessed by: _Victor m. Silva   Ido_
(signature and title of officer)

If actual departure not witnessed, fully identify source or means of departure
verification: _____

_____

If self-deportation pursuant to 8CFR 243.5, check here /____/

Officer Executing Warrant: _____
(signature and title)

Date Form Completed: _____

Comments:

x _Rolando Baca_
(signature of person fingerprinted)

_Raul O. Colera_
(signature of official taking print)

_IDO_
(title of official taking print)

right thumb print

UNITED STATES OF AMERICA
**DEPARTMENT OF JUSTICE**
IMMIGRATION AND NATURALIZATION SERVICE

## WARRANT OF DEPORTATION

No. A26 347 151

To any Officer or Employee of the United States Immigration and Naturalization Service.

After due hearing before an authorized officer of the United States Immigration and Naturalization Service, and upon the basis thereof, an order has been duly made that the alien    BACA-Ruiz, Rolando

who entered the United States At near San Ysidro, CA

on  or about  the          day of  July    , 19 83 , is subject to deportation under the following provisions of the laws of the United States, to wit:

Section 241 (a)(1) of the Immigration and Nationality Act.

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his direction, command you to take into custody and deport the said alien pursuant to law, at the expense of the  appropriations, "Salaries and Expenses, Immigration and Naturalization Service."

Signature: _David N. Ilchert_

Title:   David N. Ilchert, District Director

Date:   January 30, 1984

Place:   San Francisco, CA

Form I-205
(Rev.11-29-79)N

WARRANT FOR DEPORTATION OF

*BACA-Ruiz, Rolando*
(Name of Deportee)

Deported at Port of _____ SYS _____ on _2-14-84_
(port of departure from the U.S.)        (date of departure)

via _____
(manner of departure; identify airline or ship; if other, state: afoot, car, etc.)

Departure witnessed by: _____
(signature and title of officer)

If actual departure not witnessed, fully identify source or means of departure
verification:

*Departure Information noted on Form EOIR-7*
*By EL PASO POE*

If self-deportation pursuant to 8CFR 243.5, check here ⊠

Officer Executing Warrant: _Ernesto de la Rosa, Dep. Off._
(signature and title)

Date Form Completed: _3/2/84_

Comments:

_____
(signature of person fingerprinted)

_____
(signature of official taking print)

right thumb print

_____
(title of official taking print)

UNITED STATES OF AMERICA
**DEPARTMENT OF JUSTICE**
IMMIGRATION AND NATURALIZATION SERVICE



## WARRANT OF DEPORTATION

No. A26-347-151

To any Officer or Employee of the United States Immigration and Naturalization Service.

After due hearing before an authorized officer of the United States Immigration and Naturalization Service, and upon the basis thereof, an order has been duly made that the alien        BACA-Ruiz, Rolando

who entered the United States at or near San Ysidro, California

on or about     the          day of    July    , 19 83 , is subject to deportation under the following provisions of the laws of the United States, to wit:

Section 241 (a)( 1 ) of the Immigration and Nationality Act.

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his direction, command you to take into custody and deport the said alien pursuant to law, at the expense of the appropriations, "Salaries and Expenses, Immigration and Naturalization Service."

Signature: _David N. Ilchert_

Title:   DAVID N. ILCHERT, DISTRICT DIRECTOR

Date:    0 5 SEP 1985

Place:   San Francisco, California

RDA

Form I-205
(Rev. 11-29-79)N

WARRANT FOR DEPORTATION OF

Rolando Baca, Ruiz
(Name of Deportee)

Deported at Port of Calexico CA. on 9-6-85
(port of departure from the U.S.) (date of departure)

via ______________________________
(manner of departure; identify airline or ship; if other, state: afoot, car, etc.)

Departure witnessed by: P. Leon IDO
(signature and title of officer)
Pedro Leon

If actual departure not witnessed, fully identify source or means of departure verification: ______________________________

If self-deportation pursuant to 8CFR 243.5, check here [ ]

Officer Executing Warrant: ______________________________
(signature and title)

Date Form Completed: ______________________________

Comments:

Rolando Baca
(signature of person fingerprinted)

[signature]
(signature of official taking print)

IDO
(title of official taking print)

right thumb print

K.3
8.18.98
DR
Φ#1

### UNITED STATES OF AMERICA
#### DEPARTMENT OF JUSTICE
##### IMMIGRATION AND NATURALIZATION SERVICE

## WARRANT OF DEPORTATION

No.

A 26 347 151

To any Officer or Employee of the United States Immigration and Naturalization Service.

After due hearing before an authorized officer of the United States Immigration and Naturalization Service, and upon the basis thereof, an order has been duly made that the alien    Rolando BACA-Ruiz,

who entered the United States at near El Paso, Tx.,

on or about   the 20th         day of January   , 19  88 is subject to deportation under the following provisions of the laws of the United States, to wit:

Section 241 (a) (2) of the Immigration and Nationality Act.

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his direction, command you to take into custody and deport the said alien pursuant to law, at the expense of the appropriation "Salaries and Expenses, Immigration & Naturalization Services, 1988" including the expenses of an attendant, if necessary.

Signature: Richard M Casillas

RICHARD M. CASILLAS

Title: DISTRICT DIRECTOR

Date: May 26, 1988

Place: LAREDO, TEXAS

Form I—205
(Rev.11—29—79)N



WARRANT FOR DEPORTATION OF

_Rolando BACA Ruiz_
(Name of Deportee)

Deported at Port of _LAReDO        Tx_ . on _05·22-88_
(port of departure from the U.S.)        (date of departure)

via _Afoot_
(manner of departure; identify airline or ship; if other, state: afoot, car, etc.)

Departure witnessed by: _Pablo Cantu Jr. DEO_
(signature and title of officer)

If actual departure not witnessed, fully identify source or means of departure
verification: _____

_____

If self-deportation pursuant to 8CFR 243.5, check here ☐

Officer Executing Warrant: _Pablo Cantu Jr. DEO_
(signature and title)

Date Form Completed: _05-22-88_

Comments:

X _Rolando Baca_
(signature of person fingerprinted)

_Pablo Cantu Jr._
(signature of official taking print)

_D. EO._
(title of official taking print)

right thumb print



K:4
8-18-98

RETURN TO USINS
LAREDO PROC. CTR, LAREDO, TX.

JUS-IMMIGRATION & NATURALIZATION SERVICE
LAREDO SERVICE PROCESSING CENTER - DD&P
RURAL ROUTE 4, BOX 125A
LAREDO, TEXAS 78041

GPO 883 444



UNITED STATES OF AMERICA
DEPARTMENT OF JUSTICE

PLEASE RETURN EXCUTED            IMMIGRATION AND NATURALIZATION SERVICE
WD TO ECC/SPC



## WARRANT OF DEPORTATION

No. A26 347 151

To any Officer or Employee of the United States Immigration and Naturalization Service.

After due hearing before an authorized officer of the United States Immigration and Naturalization Service, and upon the basis thereof, an order has been duly made that the alien                Rolando BACA-Ruiz

who entered the United States at/near      El Paso, Texas

on or about    the      27th     day of   May      , 19 88, is subject to deportation under the following provisions of the laws of the United States, to wit:

Section 241(a)( 11) of the Immigration & Nationality Act.

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his direction, recommend you to take into custody and deport the said alien ... of the appropriation, "Salaries and Expenses", ... ... of Immigration Service, 1990, including the expenses of an attendant, if necessary.

Signature: _James B. Turnage Jr._

Title:  District Director
        San Diego, CA

Date:  April 3, 1990

Place:  El Centro, California

Form I-205
(Rev.11-29-79)N

WARRANT FOR DEPORTATION OF

Rolando BACA-Ruiz A26 347 151

(Name of Deportee)

Deported at Port of Calexico, California on ______
(port of departure from the U.S.) (date of departure)

afoot

(manner of departure; identify airline or ship; if other, state: afoot, car, etc.)

Departure witnessed by: ______ DEO
(signature and title of officer)
Kenneth Cox

If actual departure not witnessed, fully identify source or means of departure verification: ______

If self-deportation pursuant to 8CFR 243.5, check here ☐

Officer Executing Warrant: ______
(signature and title)

Date Form Completed: ______

Comments:

x Rolando BACA
(signature of person fingerprinted)

______
(signature of official taking print)

DEO
(title of official taking print)

right thumb print

**U.S. Department of Justice**

Immigration and Naturalization Service

**Warrant of Removal/Deportation**

File No:    A26 347 151

Date:    October 5, 1998

**To any officer of the United States Immigration and Naturalization Service:**

Rolando BACA-Ruiz aka: Numerous                    ,
(Full name of alien)

who entered the United States at    El Paso, Texas    on    or about August 1992
(Place of entry)                                      (Date of Entry)

is subject to removal/deportation from the United States, based upon a final order by:

☒ an immigration judge in exclusion, deportation, or removal proceedings

☐ a district director or a district director's designated official

☐ the Board of Immigration Appeals

☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:
241(a)(11)
(241(a)(5) of the Immigration and Nationality Act— Reinstatement provisions)

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of:  the appropriation, "Salaries and Expenses, Immigration and Naturalization Service."

Thomas J. Schiltgen
(Signature of INS official)

District Director
(Title of INS official)

October 5, 1998,  San Francisco, California
(Date and office location)

Form I-205 (Rev. 4-1-97) N

To be completed by Service officer executing the warrant:
Name of alien being removed: Rolando BACA-Ruiz

Port, date, and manner of removal: _Calexico CA  1-30-2002  DJ say_



Photograph of alien
removed



Right index fingerprint
of alien removed

_Rolando Baca_
(Signature of alien being fingerprinted)

_Will  DEO_
(Signature and title of INS official taking print)

Departure witnessed by: _U. m. dil  DEO_
(Signature and title of INS official)

If actual departure is not witnessed, fully identify source or means of verification of departure:

If self-removed (self-deportation), pursuant to 8 CFR 241.7, check here. ☐

Departure Verified by: _____
(Signature and title of INS official)

Form I-205 (Rev. 4-1-97) N

**U.S. Department of Justice**
Immigration and Naturalization Service

# Warrant of Removal/Deportation

File No: __A26 347 151__

Date: __June 22, 2004__

## To any officer of the United States Immigration and Naturalization Service:

BACA-Ruiz, Rolando
_____ ,
(Full name of alien)

who entered the United States at or near ___El Paso, TX___    on or about    ___08/18/2000___
(Place of entry)    (Date of Entry)

is subject to removal/deportation from the United States, based upon a final order by:

☐ an immigration judge in exclusion, deportation, or removal proceedings

☒ a district director or a district director's designated official

☐ the Board of Immigration Appeals

☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

## Section 241 (a)(5)

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of: the appropriation, "Salaries and Expenses, Immigration and Naturalization Service."

_____
(Signature of INS official)

**Field Office Director**
(Title of INS official)

__February 13, 2004__    __San Francisco, California__
(Date and office location)

U.S. Department of Justice
Immigration and Naturalization Service

# Warrant of Removal/Deportation

To be completed by Service officer executing the warrant:
Name of alien being removed:

**BACA-Ruiz, Rolando**

Port, date, and manner of removal:

**DEPORTED-OTM**

**JUN 2 2 2004**

**AFOOT**

Photograph of alien
removed

Right index fingerprint
of alien removed

(Signature of alien being fingerprinted)

(Signature and title of INS official taking print)

Departure witnessed by: _____  _____
(Signature and title of INS official)

If actual departure is not witnessed, fully identify source or means of verification of departure:

_____

_____

_____

If self-removed (self-deportation), pursuant to 8 CFR 241.7, check here.  ☐

Departure Verified by: _____
(Signature and title of INS official)

Form I-205 (Rev. 4-1-97)N